IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:05CR737

        Plaintiff

    v.                                                                    ORDER

Brian Johnson,

        Defendant

    This is a criminal case in which the defendant is charged with possession of a firearm under the disability of a prior felony conviction and possession of a firearm with an obliterated serial number.

    The defendant has filed a motion to suppress statements made while he was in custody following a search of his residence that discovered the firearm and crack cocaine. Though he had been advised of the *Miranda* warnings and had acknowledged he understood those warnings, the defendant claims that his ensuing statements were obtained unlawfully because he was not asked specifically if he wanted to waive his rights to counsel and silence and speak with the officers.

    The issue, in other words, is whether a waiver of constitutional rights following *Miranda* warnings must be express or may be implied.

    In *North Carolina v. Butler*, 441 U.S..369, 373 (1979), the Supreme Court stated that "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver."

The Sixth Circuit has held that a valid waiver of a suspect's constitutional rights may be found where all that a defendant does, as the defendant in this case did, is to respond to questions after having been advised of his rights and indicating that he understood those rights. Thus, the court held in *U.S. v. Laurel*, 103 Fed.Appx. 875, 877-78 (6th Cir. 2004) (Unpublished disposition), *vacated and remanded on other grounds, sub nom. Laurel v. U.S.*, 125 S.Ct. 1094 (2005), that a wavier was valid although the interrogating officer "heard nothing that preceded or followed the defendant's statement" and "the defendant, after having been advised of his right not to speak, and after affirmatively indicating his understanding of that right, soon thereafter spoke." *See also U.S. v. Eicher*, 927 F.2d 605, *2 (1991) (Unpublished disposition) (citing *U.S. v. Boon San Chong*, 829 F.2d 1572, 1574 (11th Cir.1987)) ("a waiver may be implied when a suspect answers questions or provides information after being fully informed of his Miranda rights.").

I find that the defendant implicitly waived his rights to remain silent and have counsel.

To the extent that the defendant contends that, despite his implied waiver, his statements were not voluntary, I disagree. The defendant was an adult of thirty-three and a convicted felon with experience with the criminal justice system. He made his statement because "he didn't want anyone to go to jail for his stuff." (Tr. 11). Accepting blame to avoid getting others in trouble is a strong indication that the defendant spoke to the officers willingly.

In light of the foregoing, it is

ORDERED THAT the defendant's motion to suppress be, and the same hereby is denied.

So ordered.

s/James G. Carr

                                              James G. Carr
                                              Chief Judge