IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:05CR737

          Plaintiff

    v.                                                           ORDER

Bryan O. Johnson,

          Defendant

This is a criminal case in which the defendant was convicted following a jury trial of being unlawfully in possession of a firearm. He has filed a pro motion for a new trial, contending that he was denied the right to present an exculpatory witness and his attorney provided constitutionally ineffective assistance of counsel.

The defendant claims that his mother should have been called as a witness, and she would have testified that the firearm belonged to her. In view of the defendant's admission to arresting officers that the firearm belonged to him, this evidence would not have been likely to have led to a different result at trial.

More importantly, the defendant has not supported this conclusory claim with an affidavit or other proof that the putative witness would, in fact, have testified, or that she would have testified as he contends. His mere claim that she would have so testified is not sufficient to grant a new trial.

Absent such proof beyond his conclusory assertion about the failure to call this witness, the defendant cannot prevail on his claim of ineffective assistance of counsel. Even if this Court were to credit the defendant's contention that his attorney stated after the trial that he had not performed effectively, such alleged acknowledgment is not a basis for finding that the lawyer failed to provide constitutionally adequate representation.

The defendant has presented no proof of constitutionally deficient representation aside from his conclusory, self-serving statements. These are not enough to obtain a new trial.

There being no basis for granting the defendant's new trial motion, it is

ORDERED THAT the defendant's motion for a new trial be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge